IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 01-10019
Summary Calendar

—————————————

SANDY CAUDLE,

Plaintiff-Appellant,

versus

CITY OF SAN ANGELO,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Northern District of Texas
(6:99-CV-105-C)

—————————————

May 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Caudle appeals from a grant of summary judgment against her in the District Court. We have reviewed the judgment of the District Court and the briefs of the parties, and now AFFIRM the judgment of the District Court.

We review the District Court's evidentiary rulings for abuse of discretion.[1] The District Court did not abuse its discretion when it held that the documents submitted by Caudle were

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999).

unauthenticated and therefore not competent summary judgment evidence.[2] Caudle makes three arguments on appeal, none of which demonstrate an abuse of the District Court's discretion.

First, Caudle argues that the documents' authenticity was sworn to. As the District Court correctly noted, the affidavit submitted by Caudle's counsel merely stated in a conclusory fashion that the documents "are true and correct copies of the documents they purport to be." Rule 901 requires that a witness authenticating documents have knowledge of their authenticity,[3] and the affidavit Caudle relies upon makes no effort to establish her attorney's personal knowledge.

Second, Caudle argues that the documents are self-authenticating, as business records of her opponent. Yet business records are not among the ten categories of self-authenticating documents enumerated in Rule 902.[4] Neither are documents produced in response to discovery requests.

Lastly, Caudle argues that the District Court denied her an opportunity to cure the deficiencies in her proof, by ruling on the evidentiary motion at the same time that it ruled on the summary judgment motion. The record, however, reflects that Defendant

---

[2] *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991) (holding that documents submitted as summary judgment evidence must be authenticated).

[3] Fed. R. Evid. 901(b)(1).

[4] Fed. R. Evid. 902.

filed objections to Caudle's evidence on July 17, 2000, and the District Court did not grant summary judgment until December 8, 2000. Defendant's motion put Caudle on notice of possible problems with her summary judgment evidence, and she had almost six months to decide whether to cure any possible defect.

Having determined that the District Court did not abuse its discretion when it excluded Caudle's evidence, we now review the grant of summary judgment itself *de novo*.[5] We agree with the District Court that the record, as defined by the District Court's evidentiary rulings, supports the grant of summary judgment.


AFFIRMED

---

[5] *See Curtis*, 174 F.3d at 668.